**Ellen KRUMMI, Appellant,**

v.

**MSI INSURANCE COMPANY, Respondent.**

No. C2–84–1353.

Court of Appeals of Minnesota.

March 12, 1985.

Robert Berger, Trenti, Saxhaug, Berg, Roche, Stephenson, Richards & Aluni, Virginia, for appellant.

Tyrone Bujold, Hanft, Fride, O'Brien & Haries, Duluth, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

WOZNIAK, Judge.

Ellen Krummi appeals from an order denying recovery on her claim for necessary medical expenses under her no-fault automobile insurance. The court found that costs for a neurologist's examination were not a necessary medical expense. We affirm.

## FACTS

Ellen Krummi was injured in a car accident near Forest Lake, Minnesota on November 19, 1979. Dr. L.C. Bickford treated her injuries at the East Range Clinic in Virginia, Minnesota. Krummi's pain persisted; she then sought chiropractic treatment from Dr. Michael Skorich.

Krummi commenced an action in Anoka County against the driver of the other car several months after the accident. Krummi's lawyer arranged a neurological examination with Dr. Robert Stoltz at the Minneapolis Clinic in Minneapolis, Minnesota. Stoltz examined Krummi on April 9, 1982, prepared a report, and sent the bill to Krummi's lawyer. Stoltz was subsequently deposed for trial, and the case was settled.

Krummi then commenced this action, seeking reimbursement for the costs of Dr. Stoltz's examination. In response to defendant MSI Insurance's question as to whether he saw Krummi for an examination or for treatment, Stoltz stated in a letter:

This patient was seen on April 9, 1982 at the request of [her] attorney for pur-

poses of an adverse [1] medical examination. There were no arrangements agreed upon or made prior to my seeing her that I would in any way be a treating physician for this patient.

## ISSUE

Did the trial court err in determining that the neurologist's examination was not a necessary medical expense as contemplated by the Minnesota No-Fault Insurance Act?

## ANALYSIS

The stated purpose of the No-Fault Act is, in part, "to encourage appropriate medical and rehabilitation treatment of the automobile accident victim by assuring prompt payment for such treatment." Minn.Stat. § 65B.42(3) (1984). The No-Fault Act is designed to facilitate reimbursement for *necessary medical treatment.*

The factors to be considered in deciding whether a doctor's examination is necessary medical treatment are: 1) was the treatment necessary, and 2) did the patient go to the doctor for the purpose of necessary treatment?

There is no dispute that Krummi's reports of continuing pain are directly related to the car accident. Since the pain was a result of the original accident, the examination comes within the No-Fault Act's concept of the word "necessary." However, the examination must have been conducted for the *purpose* of treatment.

Here, it was not Krummi's physician who referred her to Dr. Stoltz—the referral was made by her lawyer. Both the report and the bill were sent not to the patient, but directly to her lawyer. The letter from Dr. Stoltz indicates that no arrangements were made to treat Krummi. On these facts, we hold that the purpose of Dr. Stoltz's examination was not treatment, but trial preparation. The No-Fault Act requires reimbursement for treatment, not for trial preparation.

We do note, however, that there may be situations where, although the doctor does not actively treat a patient, he may provide reimbursable necessary advice or passive treatment. For example, a patient may be seeking a second opinion from another doctor before approving major surgery. This may be a necessary medical examination, but it is not an examination conducted by a doctor for the purpose of treating the patient. While the doctor rendering the second opinion is only providing advice and consultation and is not directly providing treatment, his opinion is a necessary part of the overall treatment of the patient. The second opinion would then be reimbursable because it is necessary to, and a part of, the treatment.

Noneconomic loss is recoverable under Minnesota's No-Fault Act only if certain thresholds are met. Minn.Stat. § 65B.51, subd. 3 (1984). One of those thresholds is that the victim's medical expenses, as defined in that subdivision, must exceed $4000. *Id.* If claimants are permitted to characterize examinations conducted for litigation purposes as "medical expenses" payable under the terms of the No-Fault Act, claimants will be afforded an opportunity to exceed the required threshold simply by seeking a sufficient number of examinations and additional opinions to meet the statutory threshold. The potential hazards of improperly permitting the use of such examinations to meet the medical expense threshold are aggravated where, as here, the referral is not by another treating physician who had concluded that a neurological consultation is necessary, but rather by plaintiff's counsel in preparation of a personal injury case.

## DECISION

Where, as here, the purpose of a medical examination is to aid trial preparation rather than to aid in treating the patient, such an examination is not "necessary medical

---

**1.** It is conceded that the doctor incorrectly used the term adverse.

treatment" and is not recoverable under no-fault insurance.

Affirmed.